IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jamie Mannina | * |
| Plaintiff, | * |
| v. | * Case No. 25-01524 (APM) |
| O'Keefe Media Group, et al. | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' SPECIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT (ANTI-SLAPP)**

Defendants O'Keefe Media Group ("OMG") and James O'Keefe ("Defendant O'Keefe")(collectively "Defendants") have filed a Special Motion to Dismiss, Dkt. 9, in reliance upon D.C. Code § 16-5502, which is the District's anti-SLAPP (Strategic Lawsuits Against Public Participation) provision.

The Motion must respectfully be denied because it is binding precedent within this Circuit that this provision does not apply in a federal court exercising diversity jurisdiction, as is the case here. Abbas v. Foreign Policy Group, LLC, 783F.3d 1328 (D.C. Cir. 2015). This alone justifies denial.

But, in fact, the Motion is particularly frivolous given that Defendant O'Keefe previously argued and lost an identical effort on the very same argument in Democracy Partners v. Project Veritas Action Fund, 285 F. Supp. 3d 109, 127-128 (D.D.C. 2018).

## ARGUMENT

Plaintiff Jamie Mannina ("Mr. Mannina") filed this lawsuit on May 14, 2025, Dkt. 1. On July 7, 2025, Defendants OMG and O'Keefe, filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), Dkt. 7.[1] ("Defs' MTD"). Mr. Mannina filed his Opposition on July 21, 2025, Dkt. 8 ("Pl's MTD Opp.").[2] Pursuant to this Court's Local Rules, LCvR 7(d), the Defendants were entitled to file a Reply brief on or before July 28, 2025, but instead they filed this new Anti-SLAPP Motion ("Defs' Anti-SLAPP Mot.), Dkt. 9.[3]

Even a cursory review of the Defendants' Anti-SLAPP Motion reveals it is largely identical to their 12 (b)(6) Motion to Dismiss. Compare Defs' Anti-SLAPP Mot. at 4-12 with Defs' MTD at 1-11.[4] Indeed, the Defendants' cut-and-paste job was over inclusive as they inadvertently left in language from their prior Motion with respect to seeking factual clarity, which is obviously not relevant here. See Defs' Anti-SLAPP Mot. at 8

---

[1] No legal counsel has yet appeared on behalf of Defendant Heidi Doe. While the current Motion seeks relief for her, the undersigned confirmed with Defendants' counsel via e-mail on July 29, 2025, that this was in error, the Motion does not apply to her and the Defendants will "promptly correct" the confusion. To date, no such correction has been filed.

[2] Mr. Mannina incorporates herein the background information that he outlined in depth in his MTD Opposition. See Pl's MTD Opp. at 2-5.

[3] While Defendants are certainly not required to file a Reply brief, the fact they chose to ignore an opportunity to further argue their position and instead pursued a completely different strategy suggests they had no meaningful response to Mr. Mannina's MTD Opposition. Dkt. 8.

[4] The Defendants current Motion continues to assert some of the same inflammatory remarks that littered their initial MTD and displays a non-standard pleading format for this District. See Defs' Anti-SLAPP Mot. at 6-7. Mr. Mannina previously highlighted these issues (primarily as professional courtesy), as well as the failure of the Defendants to follow this Court's Local Rules. Pl's MTD Opp. at 2.

("…[T]his needs to be corrected, as the Defendants cannot discern whether any of his alleged supposedly defamatory remarks are statements or implications.")

## I. THE D.C. ANTI-SLAPP ACT DOES NOT APPLY IN FEDERAL COURT

It remains binding precedent upon this Court that the D.C. Anti-SLAPP Act does not apply. Relying upon Supreme Court guidance in <u>Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.</u>, 559 U.S. 393, 398-99 (2010), the D.C. Circuit held the Act runs afoul of Federal Rules of Civil Procedure 12 and 56 by setting up an additional hurdle for plaintiffs, namely the need to show a likelihood of success on the merits in order to avoid pre-trial dismissal. <u>Abbas</u>, 783 F.3d at 1334. See also <u>Competitive Enterprise Institute v. Mann</u>, 150 A.3d 1213, 1238 n.32 (D.C. 2016)(D.C. Court of Appeals concluded Anti-SLAPP Act standard somewhat mirrors Federal Rule of Civil Procedure 56, but differs in that it imposes burden on plaintiff rather than defendant).

This District has since relied upon <u>Abbas</u> repeatedly and held the D.C. Anti-SLAPP Act is not applicable in federal court. <u>See</u> <u>Arpaio v. Zucker</u>, 414 F. Supp. 3d 84, 92-93 (D.D.C. 2019); <u>Fairbanks v. Roller</u>, 314 F. Supp. 3d 85, 93-94 (D.D.C. 2018); <u>Libre by Nexus v. Buzzfeed, Inc.</u>, 311 F. Supp. 3d 149, 161 (D.D.C. May 16, 2018); <u>Deripaska v. AP</u>, 282 F. Supp. 3d 133, 138 (D.D.C. 2017); <u>Fridman v. Bean, LLC</u>, 2019 U.S. Dist. LEXIS 7874, *6 (D.D.C. Jan. 14, 2019).

The Defendants' Anti-SLAPP Motion contains absolutely no reference to any of this case law, even if only to try and argue for purposes of a forthcoming appeal why the precedent – though still binding – is wrong and should be overturned. Indeed, the Defendants' Motion literally only cites the statutory code itself, <u>see</u> Defs' Anti-SLAPP Mot. at 6, 12-13.

In light of the clear binding precedential nature of Abbas, Mr. Mannina sees no need, but respectfully does not waive his right, to address any alternative theories that might be construed to support the Defendants' Motion.[5]

## CONCLUSION

For the reasons outlined above, this Court should respectfully deny the Defendants' Anti-SLAPP Motion and order further proceedings.[6]

Date: August 6, 2025

                              Respectfully submitted,

                               *s/ Mark S. Zaid*

                              _____
                              Mark S. Zaid, Esq.
                              D.C. Bar #440532
                              Bradley P. Moss, Esq.
                              D.C. Bar #975905
                              Geoffrey Deweese, Esq.
                              (*Pro Hac Vice* forthcoming)
                              Mark S. Zaid, P.C.
                              1250 Connecticut Avenue, N.W.
                              Suite 700 – PMB 5287
                              Washington, D.C. 20036
                              (202) 498-0011
                              Mark@MarkZaid.com
                              Brad@MarkZaid.com
                              Geoffrey@MarkZaid.com

                              Attorneys for the Plaintiff

---

[5] The Defendants failed to file any sworn declarations or offer any substantive evidence or new facts sufficient to even support an Anti-SLAPP Motion. There was no evidence argued to demonstrate whether the Anti-SLAPP Act's terms even could apply, absent Abbas, to this action. Instead, the Defendants solely attacked the sufficiency of Mr. Mannina's allegations as a matter of law. See Defs' Anti-SLAPP Mot. at 7-12.

[6] Additionally, the Defendants' Anti-SLAPP Motion does not seek relief from Counts Four or Five of Mr. Mannina's Complaint. Id. at 4. While the Motion does state it includes Count Three (Fraudulent Misrepresentation), it fails to provide any analysis in support to justify application.