UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAMES MANNINA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 25-cv-01524 (APM) |
| O'KEEFE MEDIA GROUP, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

### ORDER

Defendants O'Keefe Media Group and James O'Keefe seek a protective order that would allow them to withhold the identity of the third defendant in this case, referred to as Heidi Doe. Defs.' Mot. for Protective Order as to Heidi Doe's Identity, ECF No. 14 [hereinafter Defs.' Mot.]. That request is denied for two reasons.

*First*, Defendants forfeited (if not waived) their right to object to the discovery requested. "Forfeiture is the 'failure to make a timely assertion of a right.'" *Zuckerman Spaeder, LLP v. Auffenberg*, 646 F.3d 919, 922 (D.C. Cir. 2011) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)); *cf. id.* (describing waiver as an "intentional relinquishment of a known right") (quoting *Olano*, 507 U.S. at 733). Here, on August 21, 2025, Plaintiff sought leave of court before serving limited discovery on Defendants seeking the identity of Heidi Doe. Pl.'s Mot. for Leave to Conduct Expedited Limited Discovery, ECF No. 11. Defendants never filed an opposition, which prompted the court to treat the motion as conceded, as permitted by Local Civil Rule 7(b), and to authorize the requested discovery. Minute Order, Sept. 8, 2025. Defendants cannot now be heard

to complain about having to disclose Doe's identity, when they had the opportunity to object to such disclosure but stayed silent.

*Second*, Defendants' motion fails on the merits. To avoid discovery, they rely on the District of Columbia reporter's shield law ("Shield Law"), D.C. Code § 16-4702.[1] That statute prohibits compulsory disclosure of "the *source* of any news or information procured by [a] person employed by the news media and acting in an official news gathering capacity." D.C. Code Ann. § 16–4702(1) (emphasis added). The Shield Law thus creates an absolute privilege for source identities. *See In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1141, 1167 (D.C. Cir. 2006) (concurring, Tatel, J.).

Neither party has addressed which side bears the burden of establishing the Shield Law's application. The court has found no case that directly answers that question. The D.C. Court of Appeals has generally recognized that "the party claiming a privilege always bears the initial burden of establishing the factual predicate for the privilege." *Meta Platforms, Inc. v. District of Columbia*, 301 A.3d 740, 757 (D.C. 2023) (quoting *In re Motor Fuel Temperature Sales Pracs. Litig.*, 641 F.3d 470, 488 (10th Cir. 2011)). In a similar context, it has placed the burden on the party asserting a First Amendment privilege to avoid discovery. *See id.* Also, courts in this District have placed on reporters the initial burden of showing that the federal qualified reporter's privilege applies to avoid source disclosure. *See Goldberg v. Amgen*, Inc., 123 F. Supp. 3d 9, 15 (D.D.C. 2015) (citing *Estate of Klieman v. Palestinian Auth.*, 293 F.R.D. 235, 241 (D.D.C. 2013)). The court will do the same.

Defendants have not carried their burden. They have presented no evidence—not even a declaration—to support treating Heidi Doe as a source. The lack of proof is fatal. So, too, are

---

[1] Because Plaintiff asserts common law tort claims, District of Columbia privilege law applies. *In re Sealed Case (Med. Recs.)*, 381 F.3d 1205, 1212 (D.C. Cir. 2004).

2

their descriptions of Doe.  In their motion, they say she is an "undercover reporter."  Defs. Mot. at 2, ¶ 5.  Another brief portrays her as one of thousands of "citizen journalists," "who are not professional full-time journalists, but rather people in an organization who collect, report, analyze, and disseminate news."  Defs.' Special Mot. to Dismiss Pl.'s Compl. (Anti-SLAPP), ECF No. 9, at 1.  Defendants "collaborat[ed]" with Doe to "conduct[] an undercover investigation" of Plaintiff.  *Id.* at 2.  Based these characterizations, Doe is a not a source, but a journalist whose identity is not protected by the Shield Law.  D.C. Code Ann. § 16–4702(1).

The sole case on which Defendants rely, *Grunseth v. Mariott Corporation*, only reinforces this conclusion.  868 F. Supp. 333 (D.D.C. 1994); Defs.' Mot. at 2–3, ¶¶ 6–10.  The "source" at issue in that case was likely an employee of the defendant company who had disclosed business records to reporters.  *See Grunseth*, 868 F. Supp. at 334.  That is far different than the "collaborator" that Heidi Doe is described to be.

To the extent Defendants seek a protective order independent of § 16-4702 under Federal Rule of Civil Procedure 26(d), that request is denied.  Defendants have done no more than imply that revealing Doe's name would place her at risk of harm.  Defs.' Mot. at 1–2, ¶ 3.  That is not enough to avoid discovery.  That said, if Plaintiff amends his complaint to reflect Doe's true identity, such amended pleading shall be filed under seal.  Thereafter, within seven days, Doe may move to keep her identity under seal.  If she fails to do so, the court will publicly docket the complaint.

For the foregoing reasons, Defendants' Motion for Protective Order, ECF No. 14, is denied. Defendants shall respond to Plaintiff's discovery requests within seven days of this Order.

Dated:  October 6, 2025

Amit P. Mehta
United States District Judge