IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jamie Mannina | * |
| Plaintiff, | * |
| v. | * Case No. 25-01524 (APM) |
| O'Keefe Media Group, et al., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S CLARIFYING RESPONSE TO
DEFENDANTS' MOTIONS TO WITHDRAW AS COUNSEL AND FOR
ENLARGMENT OF TIME TO COMPLY WITH COURT ORDER**

On October 14, 2025, counsel for Defendants O'Keefe Media Group and James O'Keefe (collectively "Defendants") reached out to the undersigned with the following message: "We are planning to file a Motion for Leave to Withdraw as Counsel and a Motion for Enlargement of Time to Comply with the Court's October 6th Order. Pursuant to Local Rule 7(m), I am respectfully requesting your position on these Motions." Exhibit "1". At 6:10 pm, the undersigned responded that Plaintiff Jamie Mannina took no position with respect to the requested relief, but at 7:39 pm a follow-up e-mail was sent to the Defendants' counsel asking "please do first let us know how much time you're asking for. We take no position on your withdrawal." Id. No response was received. At 8:40 pm and 8:41 pm, the Defendants filed their two motions, respectively. Dkts. 21, 22.

Mr. Mannina still takes no position on whether the Court should allow the Defendants' counsel to withdraw, but after reviewing the Defendants' Motion for Enlargement of Time to Comply with the Court's October 6th Order, Dkt. 21, we note our

opposition, particularly after learning new substantive information that was not made clear by Defendants' counsel before their Motion was filed.

In their Motion for Enlargement, Dkt. 21, the Defendants revealed for the first time that the extension sought was not for themselves to further contemplate whether they would reconsider their noncompliance with the Court's Orders, but was for Defendant Heidi Doe ("Defendant Doe"), who has not entered an appearance in this case and is not represented by Defendants' counsel. Id. at ¶¶5-7. The entire premise of the Motion revolves around the interests of Defendant Doe and the additional time she purportedly needs to prepare her own Motion. Given that Defendants' counsel has made it clear in communications with the undersigned and in Court filings that he does not represent Defendant Doe, see Dkt. the undersigned questions the appropriateness of counsel seeking any enlargement of time for Defendant Doe to file a Motion.[1] The issue of representation of the Parties, as well as the identity of Defendant Doe, has been the subject of multiple filings before this Court over the last three months. If Defendant Doe is planning on filing some sort of Motion on her own, then counsel purporting to represent her should appropriately file their Notice of Appearance and seek leave to intervene on this issue.

In any event, and most importantly, the two Court Orders that imposed the discovery obligations at issue right now, i.e., to reveal the identity and contact information for Defendant Doe, apply solely to the Defendants, not to Defendant Doe. See Minute Order (issued September 8, 2025) and Dkt. 19.

---

[1] The undersigned certainly did not expect the Defendants' counsel's request to apply to Defendant Doe, who they had expressly stated more than once they do not represent.

2

No forthcoming argument by Defendant Doe could properly protect her identity or contact information from Mr. Mannina. A proper course of action by the Defendants would not be to seek additional time but to comply with the Court's two Orders truthfully and fully to the authorized discovery requests. And then, when Mr. Mannina amended his Complaint to include the newly revealed Defendant Doe's identity and filed it under seal per the Court's Order, the Defendants – to include Defendant Doe – could attempt to justify to the Court why her identity should remain under seal from the public (not from Mr. Mannina). As the Court clearly explained:

> That said, if Plaintiff amends his complaint to reflect Doe's true identity, such amended pleading shall be filed under seal. Thereafter, within seven days, Doe may move to keep her identity under seal. If she fails to do so, the court will publicly docket the complaint.

Order at 3, Dkt. 19. Then, and only then, could any of the Defendants seek to meet the five-factor balancing test articulated in In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020), which determines whether a party has met the weighty burden of demonstrating a concrete need to overcome the presumption favoring disclosure of a litigant's identity. At that time, it would make perfect sense for Defendant Doe herself to submit a sworn declaration, rather than the questionable document filed by Defendant O'Keefe. Dkt. 20-3. Mr. Mannina will be prepared to substantively respond to any such attempt to hide Defendant Doe's identity from the public at that time.

In determining next steps and whether to grant either or both of the Defendants two Motions, Mr. Mannina respectfully suggests the scheduling of a Status Conference would

3

be appropriate, particularly to confirm which counsel represents which Defendants and ensure future filings will comply with the Court's Orders and Local Rules of this Court.[2]

Date: October 15, 2025

                                      Respectfully submitted,

                                          *s/ Mark S. Zaid*

                                    Mark S. Zaid, Esq.
                                    D.C. Bar #440532
                                    Bradley P. Moss, Esq.
                                    D.C. Bar #975905
                                    Mark S. Zaid, P.C.
                                    1250 Connecticut Avenue, N.W.
                                    Suite 700 – PMB 5287
                                    Washington, D.C. 20036
                                    (202) 498-0011
                                    Mark@MarkZaid.com
                                    Brad@MarkZaid.com

                                    Attorneys for the Plaintiff

---

[2] Mr. Mannina's Memorandum in Opposition to Defendants' Renewed Motion for Protective Order as to Heidi Doe's Identity and Restatement of Timely Objections to the Plaintiff's Discovery Requests, which is being contemporaneously filed, Dkt. 24, provides the proper context for this request. Additionally, although the Defendants' Motion to Withdraw as Counsel, Dkt. 22, lists a new law firm's contact information as the means by which the Defendants can be reached by this Court, no member of the Bar from that law firm has filed a Notice of Appearance. The undersigned reached out to that counsel who responded they are still in the process of being retained, which they envisioned would be "squared away" by next week and that they "presumably" will represent Defendant Doe. A date certain should respectfully be set by the Court for that to occur.