IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Jamie Mannina | * | |
| Plaintiff, | * | |
| v. | * | Case No. 25-01524 (APM) |
| O'Keefe Media Group, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MOTION TO MODIFY, ALTER, RECONSIDER, RESCIND OR FOR CLARIFICATION OF COURT'S MINUTE ORDER DATED NOVEMBER 7, 2025**

NOW COMES Counsel for Plaintiff Jaimie Mannina ("Plaintiff"), pursuant to Rules 59(e) and 60 of the Federal Rules of Civil Procedure, or any other applicable rule, to respectfully seek clarification or as necessary the modification, alteration, reconsideration or recission of the Court's Minute Order dated November 7, 2025, which denied "without prejudice Defendants O'Keefe Media Group and James O'Keefe's [7] Motion to Dismiss. In view of Plaintiff's filing of an Amended Complaint, ECF No. [33], the court denies the pending Motion to Dismiss as moot without prejudice to refiling it in response to the amended pleading."

Respectfully, this ruling seemingly contradicts the Court's prior Order (Dkt. 31) issued on October 31, 2025, which explicitly adopted terms negotiated between the Parties, and that stated "the Defendants Motion to Dismiss (Dkt. 7) as to Defendants OMG and O'Keefe and the Plaintiff's Opposition (Dkt. 8) remain pending for Court adjudication as is." Following the ordered disclosure to the Plaintiff by Defendants O'Keefe Media Group and James O'Keefe of the identity of Defendant Heidi Doe, it was

the candid original intention of the undersigned to delay the filling of a First Amended Complaint (Dkt. 32). In fact, undersigned counsel raised this issue with the Defendants' counsel that the First Amended Complaint was not intended to moot the pending motions. It was with this concern in mind that the Parties' Joint Status Report (Dkt. 30), therefore, noted that if there was a procedural issue with respect to the filing of the First Amended Complaint that would impact the Motion to Dismiss (Dkt. 7), "[t]he Parties can refile the two pleadings (as is) subsequent to the acceptance of the First Amended Complaint if deemed appropriate or necessary by the Court for procedural purposes." In the view of the undersigned, the recent filing of the First Amended Complaint (Dkt. 33 – UNDER SEAL) simply added the true name of Defendant Heidi Doe (and some slight changes) but made no substantive modifications as to the other Defendants.[1]

The Court appeared to have adopted the Parties' proposed Order and intent outright with the issuance of its Order (Dkt. 30), but the latest Minute Order now appears to contradict both. Unless, of course, the Court's decision to moot the filing was intentional notwithstanding the Parties' asserted position.

But because it is not clear, the Plaintiff respectfully requests clarification or that the Minute Order be modified, altered, reconsidered or rescinded, the effect of which would be to reinstate the Motion to Dismiss (Dkt. 7) of Defendants O'Keefe Media Group and James O'Keefe ("O'Keefe") and Plaintiff's Opposition (Dkt. 8) for the Court's substantive adjudication "as is".

---

[1] As seen in the filed First Amended Complaint (Dkt. 33 - UNDER SEAL), there were several paragraphs where text was added but the modifications almost exclusively pertained solely to Defendant Heidi Doe and it is the Plaintiff's position that none of it substantively modified any arguments or would have impacted any defenses. To be clear, Plaintiff's First Amended Complaint was not made to correct any legal deficiency raised by Defendant's Motion to Dismiss (Dkt. 7).

2

The undersigned has conferred with counsel for the Defendants pursuant to Local Rule 7(m) and they have, with appreciated professionalism, reaffirmed that the Parties had "agreed the 'pending for Court adjudication as is' language was meant for the original OMG/O'Keefe motion (ECF No. 7) to also respond to the amended complaint (ECF No. 33)" but also noted the dismissal without prejudice could have been for other reasons, which the undersigned agrees would be a prudent assumption. But if it was a mistake, the Defendants "assent to the reconsideration to restore ECF No. 7."

The granting of this Motion will not otherwise interfere with any other pending deadlines, and a proposed Order is attached.

Date: November 10, 2025

                                              Respectfully submitted,

                                                  /s/ *Mark S. Zaid*

Mark S. Zaid, Esq.
D.C. Bar #440532
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
(202) 498-0011
Mark@MarkZaid.com
Brad@MarkZaid.com

Attorneys for the Plaintiff