IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jamie Mannina | * |
| Plaintiff, | * |
| v. | * Case No. 25-01524 (APM) |
| O'Keefe Media Group, et al., | * |
| Defendants. | * |

**PLAINTIFF'S MOTION TO SEVER DEFENDANTS
O'KEEFE MEDIA GROUP AND JAMES O'KEEFE'S JOINDER FROM
AND/OR STRIKING OF DEFENDANT HEIDI DOE'S MOTION TO DISMISS**

The Parties negotiated an explicit agreement, Dkt. 30 (filed October 30, 2025), which the Court adopted outright on October 31, 2025, Dkt. 31(and then clarified that understanding by Minute Order issued on November 11, 2025) on how to handle the pending preliminary dispositive motion by Defendants O'Keefe Media Group ("Defendant OMG") and James O'Keefe ("Defendant O'Keefe"), Dkt. 7 (filed July 7, 2025)("Defs' MTD") [1], in light of Plaintiff Jamie Mannina's ("Mr. Mannina") filing of a First Amended Complaint ("FAC") that did little more than add Defendant Heidi Doe's ("Defendant Doe") true name. Dkt. 32 (filed under seal on November 3, 2025).[2] The pending Defs' MTD was to simply be re-filed "as is" and then decided on its merits. Dkts. 30, 31, Minute Order dated November 11, 2025. Unfortunately, the

---

[1] The original version of the dispositive motion was previously prepared and filed by predecessor counsel for Defendants OMG and O'Keefe. Dkt. 7 (filed July 7, 2025). That counsel has since withdrawn from the present case. Dkt. 27 (filed October 21, 2025).

[2] Per the Parties' agreement, Dkt. 30, and the Court's Order, Dkt. 31, until the Court rules on the Defendants' Motion for a Protective Order, Dkt. 34 (filed November 16, 2025), we are continuing to refer to "Heidi Doe" using her pseudonym.

Defendants have already breached the understanding by filing a modified Motion to Dismiss, Dkt. 39 (filed November 24, 2025)("Defs' Mot"), i.e., not "as is", to which Mr. Mannina responded. Dkt. 42 (filed November 25, 2025).

In preparation for the Joint Status Report that was filed on October 30, 2025, Dkt. 30, the undersigned contacted the Defendants' newly retained counsel to coordinate on whether agreement could be reached on mutual positions. As part of the amicable negotiations that transpired, the question of the next step that would be taken once Mr. Mannina learned the true identity of Defendant Doe (which, by the Court's Minute Order of October 16, 2025, had to be disclosed by October 22, 2025), particularly whether an Amended Complaint would be filed, was expressly discussed. The undersigned noted:

> Additionally, given your predecessor filed two Motions to Dismiss that remain pending, we do not desire to file the Amended Complaint until the Court rules on those Motions. No sense in starting the clocks again. But if you are willing to accept the existing Motions as continuing in force, we could file the Amended Complaint later this week.

Exhibit "1". The responsive e-mail on October 22, 2025, from the Defendants' attorney notably acknowledged that "To your point about the current complaint: Ms. [Doe] has her own defenses to assert and will not join O'Keefe and OMG's motion to dismiss." Exhibit "2".[3]

Based on these communications, and the understanding that they seemingly objectively conveyed, the Parties, therefore, agreed to the steps discussed above regarding the filing of the

---

[3] Defendant Doe was well aware of this litigation from the outset and purposefully avoided joining until she was forced. The undersigned contacted the Defendants' original counsel back in June 2025 to ascertain whether he would also represent Defendant Doe and he noted that "at this point, I do not represent Heidi Doe, and that will probably change once she is served." Exhibit "3". In fact, he was responding for her when it became clear her identity was going to have to be turned over to Mr. Mannina. Dkt. 20. It was certainly no surprise that the current defense counsel now represents all three Defendants.

FAC, the refiling of the "as is" Defs' MTD, and then the forthcoming responsive pleading by Defendant Doe.

Thus, as expected, Defendant Doe filed her own dispositive motion similarly seeking dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). Dkt. 40 (filed November 24, 2025)("Doe's Mot."). But that filing went well beyond the assertion of Defendant Doe's "own defenses" and included numerous references and substantive arguments concerning Defendants OMG and O'Keefe. More concerning, despite what Mr. Mannina perceived as the clear language of the Joint Status Report, Dkt. 30, as well as this Court's Order on October 31, 2025, Dkt. 31, and clarifying Minute Order on November 11, 2025, Defendants OMG and O'Keefe then *also* unexpectedly filed a Notice of Joinder to Doe's Mot. Dkt. 41 (filed November 24, 2025)("Notice of Joinder"). This created the situation where Defendants OMG and O'Keefe now have *two* pending Motions to Dismiss under FRCP 12(b)(6) pertaining to the same factual circumstances and arguments, i.e., these two Defendants are improperly seeking a second bite at the apple.

For the reasons set forth below, this Court should respectfully grant Mr. Mannina's Motion, deem the Notice of Joinder an impermissible successive motion, and/or strike Doe's Motion to Dismiss in its current form, subject to re-filing with respect to solely her individual defenses. Counsel for the Defendants have indicated their opposition to this request for relief.

## ARGUMENT

### I. PERMITTING DEFENDANTS' NOTICE OF JOINDER WOULD CONSTITUTE AN IMPERMISSIBLE SUCCESSIVE MOTION

"Federal Rule of Civil Procedure 12(g)(2) states that 'a party that makes a motion under … [R]ule 12 must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion,' unless one of the exceptions provided

3

in Rule 12(h)(2) or (3) applies." <u>Sierra v. Hayden</u>, 2019 U.S. Dist. LEXIS 136553, *23 (D.D.C. Aug. 13, 2019). Indeed, Federal Rule of Civil Procedure 12(g) is designed to prevent "a series of motions … that results in delay and encourages dilatory tactics." <u>See</u> <u>Nordell v. Bowen</u>, 1986 U.S. Dist. LEXIS 17465, *9 (D.D.C. Nov. 19, 1986).

The commentary to FRCP 12(g) elaborates further on the purpose of this limitation:

> Subdivision (g) has forbidden a defendant who makes a preanswer motion under this rule from making a further motion presenting any defense or objection which was available to him at the time he made the first motion and which he could have included, but did not in fact include therein. Thus if the defendant moves before answer to dismiss the complaint for failure to state a claim, he is barred from making a further motion presenting the defense of improper venue, if that defense was available to him when he made his original motion. Amended subdivision (g) is to the same effect. This required consolidation of defenses and objections in a Rule 12 motion is salutary in that it works against piecemeal consideration of a case.

Advisory Committee Notes 1966 Amendment.

As noted in <u>Sierra</u>, 2019 U.S. Dist. LEXIS 136553, *23, there is an exception to this preclusionary rule as delineated in FRCP 12(h)(2). Specifically, FRCP 12(h)(2)(B) permits the filing of a renewed Rule 12 motion before trial if done pursuant to Rule 12(c) for judgment on the pleadings. <u>See</u> <u>He Depu v. Oath Holdings, Inc.</u>, 531 F. Supp. 3d 219, 236 (D.D.C. 2021). The Defendants' Notice of Joinder, however, is not seeking to join with a Rule 12(c) motion. It is seeking joinder with Doe's Motion to Dismiss pursuant to FRCP 12(b)(6). Notice of Joinder at 1-2. This is not permissible under the exception to Rule 12(g).

The Defendants' Notice of Joinder does not squarely address this legal deficiency, or even seeks to justify why the exception to FRCP 12(g) should apply. Indeed, there is no reference whatsoever to the clear language of FRCP 12(g)(2). The only sources of authority upon which the Defendants do rely offer little to clarify why joinder should be permitted here. <u>See</u> Notice of

4

Joinder at 1-2; see also Francis v. United States, 2021 U.S. Dist. LEXIS 260291, *6 n.2 (D.D.C. Feb. 12, 2021)(single footnote that stands for nothing more than reminder defendants shall file single motion to dismiss that sets forth *all* grounds for dismissal under Rule 12)(emphasis in original); Thomas v. News World Comm'cns, 681 F. Supp. 55, 73 (D.D.C. 1988)(court treated single defendant as having joined motion to dismiss because defenses raised in defendant's Answer were identical to those that supported dismissal sought by other defendants in their dispositive motion). The Defendants' barebones and sparsely explained arguments – stating little more than the disputed claim that the allegations are identical across all three defendant parties, Notice of Joinder at 2 – simply cannot suffice to justify ignoring Rule 12(g)'s limitations.

Despite the Defendants' failure to raise it, the undersigned believe they are ethically bound to address an argument which this Court should consider relevant as a matter of law. "[I]n a limited number of cases[,] the district court has exercised its discretion to permit a second preliminary motion to present a Rule 12(b)(6) defense." Sierra, 2019 U.S. Dist. LEXIS 136553, *23-*24, quoting Lindsey v. United States, 448 F. Supp. 2d 37, 55 (D.D.C. 2006). Courts are most likely to permit this technical violation in circumstances in which unnecessary delay is not a concern. See Lindsey, 448 F. Supp. 2d at 55; see also id. at 55-56 (collecting cases from other districts where courts allowed successive motions because new defenses did not repeat previously made arguments and more permissive approach would expedite resolution of case).[4]

---

[4] There are additional cases from outside of this District in which courts have assessed the limited circumstances in which this narrow exception might be permitted. See, e.g., Adacel, Inc. Adsync Techs., Inc., 2019 U.S. Dist. LEXIS 12792, *3 (M.D. Fla. Jan. 28, 2019)(striking successive motion where defendant failed to prove new Rule 12 argument was not available before); Silver Creek Farms, LLC v. Fullington, 2017 U.S. Dist. LEXIS 223394, *9-*11 (S.D. Fla. May 7, 2017)(denying successive motion despite amended pleadings, concluding amendments only provided additional details and did not constitute new claims); Stoffels v. SBC Communs., Inc., 430 F. Supp. 2d 642, 647-48 (W.D. Tex.
(Continued…)

Even affording the Defendants' Notice of Joinder all measures of latitude, it still cannot sufficiently demonstrate that this Court should exercise its discretion in this manner. Doe's Motion to Dismiss did not raise separate and new arguments. To the contrary, it effectively proffers the same arguments raised in the Defendants' original Motion to Dismiss, Dkt. 7, albeit written in a more professional and sourced manner. The only reason there are two sets of motions is the fact that unexplained "irreconcilable differences", Dkt. 14 (filed October 14, 2025), led Defendant OMG and O'Keefe's previous attorney of record to withdraw and be replaced by their current counsel. But that does not change the fact that it was the decision of Defendants OMG and O'Keefe to have retained their original counsel and file their original Motion to Dismiss, Dkt. 7, and it was Defendant Doe's decision to avoid engaging in this litigation until her true name was provided to Mr. Mannina by order of this Court. Now, the Defendants are all represented by the same counsel.

In terms of their arguments, the Defendants' Motion to Dismiss, Dkt. 7, stated that Count One (Defamation) should be dismissed on the basis that (a) the statements are not actionable, as they are either true facts or opinion, and (b) Mr. Mannina failed to plead the necessary elements of a claim of defamation. Defs' Mot. at 1-6. In Doe's Motion to Dismiss, Dkt. 40, she similarly states that Mr. Mannina has failed to plead a claim for defamation, arguing the statements are (a) non-actionable opinion or benign characterizations, and (b) Mr. Mannina has not plausibly alleged actual malice. Doe's Mot. at 7-14. The pattern repeats for the other Counts in the First

---

(…Continued)
2006)(permitting successive motion after amended complaint added counts and parties, and in which the new motion "abandoned a bad argument for a better one"); <u>Official Comm. of Unsecured Creditors of Crowley, Milner & Co. v. Callahan (In re Crowley, Milner & Co.)</u>, 299 B.R. 830, 836-38 (E.D. Mich. 2003)(denying successive FRCP 12(b)(6) motion despite amended pleadings removing or changing certain facts given causes of action did not change and were known at the time of the original motion).

Amended Complaint. Compare Defs' Mot. at 8-9 (alleging Mr. Mannina failed to adequately plead Fraudulent Misrepresentation in identifying an actionable fraud) with Doe's Mot. at 20-24 (similarly arguing Mr. Mannina failed to plead how Doe concealing her true identity and motive satisfies elements of fraud) and compare Defs' Mot. at 10-11 (arguing cited wire tap laws are not applicable to oral communications in public view) with Doe's Mot. at 27-29 (similar argument).

Of course, as a substantive matter, the manner in which these two sets of dispositive motions make their similar arguments are like night and day. The original Defendants' Motion to Dismiss is riddled with the unprofessional verbiage, confusing arguments, formatting issues, and Local Rules violations that undersigned counsel previously noted on more than one occasion. See Dkt. 17 at 3 n.1 (outlining history of rule violations in filings). Notably, the original filing includes a direct admission that a critical part of Defendants' reporting – that Mr. Mannina was meeting retired generals in the Pentagon about how to undermine the new Trump Administration – was a mistake. But Defendants OMG and O'Keefe then seek to characterize this admission as a "miniscule mistake" which is "beneath the level of concern which this Court should consider." See Defs' Mot. at 4. Their primary legal argument was little more than "So what?" Id. Doe's Motion to Dismiss completely and conveniently ignores this damning admission of her co-defendants. But her Motion instead lays out detailed arguments for why Mr. Mannina has not plausibly alleged actual malice, see Doe Mot. at 7-14, rather than her co-Defendants' merely stating that there is "an absence of malice" without any factual or legal analysis. Defs' Mot. at 3.

While any objective reading of Doe's Motion to Dismiss reflects a more professional filing than her co-Defendants and consistent with what is expected of attorneys licensed to practice in this District, that fact does not justify allowing Defendants OMG and O'Keefe to "piggy-back" on the better written Motion to Dismiss, especially given their Motion still remains pending.

7

Furthermore, contrary to protestations by Defendants OMG and O'Keefe, see Notice of Joinder at 2, allowing this joinder to continue would not expedite resolution of the case. Although there are certainly similar facts at play, the actions of the different defendants are not identical and their respective civil liability under each of the tort actions in the FAC are also not the same. Even Defendant Doe's own lawyers admitted this fact. Exhibit "2". Defendant Doe was a proverbial "honey trap". She initiated the outreach to Mr. Mannina, she fraudulently misrepresented herself to him, she coordinated with him to meet for their "dates", she elicited comments from him for the purpose of having them later published in a defamatory manner, and she secretly recorded him throughout their encounters. FAC at ¶¶ 22-30. Defendants OMG and O'Keefe, on the other hand, were the proverbial "handlers" of the honey trap. They trained Defendant Doe, they coordinated with her on approaching Mr. Mannina on Bumble and setting up the "dates", they gave her instructions on questions to ask Mr. Mannina, and they then edited and published the defamatory videos. FAC at ¶¶24-40; Declaration of "Heidi Doe" at *passim* (Dkt. 34-1, filed under seal)("Doe Declaration"). They are not the same in terms of potential liability.

Doe's Motion to Dismiss, however, does not clearly focus on her liability to the exclusion of Defendants OMG and O'Keefe. Instead, Doe's Motion to Dismiss is more reasonably read as an attempt to replace the original Defendants' Motion to Dismiss, as evidenced by the significant degree to which it substantively addresses the actions of Defendant O'Keefe in particular. See, e.g., Doe's Mot. at 8 ("Viewers taking in OMG's publication would understand the language employed here as James O'Keefe's opinion or inference about Plaintiff's political stance and conduct…"); id. at 12 ("Defendants then offered their commentary and interpretation of Mannina's comments."); id. at 14 ("Elsewhere in the Complaint, Mannina takes umbrage with

8

the Defendants' editorial stance…"); id. at 31 ("Finally, Mr. Mannina cannot claim his spoken words during the interview with Mr. O'Keefe were oral communications."). An objective, or even superficial, review of Doe's Motion to Dismiss demonstrates that the only portions that truly focus on the conduct and potential civil liability of Defendant Doe are the sections addressing Count Three (Fraudulent Misrepresentation) and Count Five (Wiretapping). Doe's Mot. at 17-23, 27-31. See also Doe Declaration at ¶5 (descriptive text omitted given declaration currently filed under seal).

This consistent focus on the potential defenses of Defendants OMG and O'Keefe in a dispositive motion purportedly submitted solely with respect to Defendant Doe exposes the real purpose of Doe's Motion to Dismiss: to serve as an impermissible successive motion in place of the Defendants' separate (and poorly constructed) original Motion to Dismiss. To permit the Notice of Joinder would place Mr. Mannina in the position of having to effectively re-argue in his opposition to Doe's Motion to Dismiss some of the very same legal issues concerning Defendants OMG and O'Keefe that he already argued more than four months ago in his opposition to Defendants' Motion to Dismiss (as well as in his re-filed opposition pleading just one week ago). Defendants OMG and O'Keefe are essentially asking that should this Court rule against their original Motion to Dismiss, Dkt. 7, they are still allowed to have a second opportunity to prevail through this Court's consideration of Doe's Motion to Dismiss. Doe's Motion to Dismiss was supposed to be filed solely on behalf of Defendant Doe, not Defendants OMG and O'Keefe, and it should not be utilized as a clandestine replacement for the Defendants' Motion to Dismiss. To allow it otherwise is patently unfair to Mr. Mannina and subverts the negotiated agreement between the Parties' counsel which was expressly adopted by the Court.

9

The Court is clearly within its discretion to conclude that this attempt by the Defendants is not permitted or warranted under the circumstances.

## II. THIS COURT WOULD BE WITHIN ITS INHERENT AUTHORITY TO SUBSEQUENTLY STRIKE DOE'S MOTION TO DISMISS IN ITS CURRENT FORM

If the Court agrees that the Notice of Joinder is an impermissible successive motion, the obvious follow-up question is how best to address the considerable information in Doe's Motion to Dismiss that applies to Defendants OMG and O'Keefe as distinct from Defendant Doe. Mr. Mannina respectfully submits that this Court retains sufficient inherent authority to strike Doe's Motion to Dismiss in its current form, without prejudice, and simply require her to re-file a more focused Motion that solely applies to her actions and defenses.[5]

"[D]istrict courts have the inherent authority … to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." Dietz v. Bouldin, 579 U.S. 40, 47 (2016). This power includes the authority to strike material from its docket for noncompliance with court orders or rules. See Doe v. AFGE, 2023 U.S. Dist. LEXIS 870, *7 (D.D.C. Jan. 3, 2023); see also Shepherd v. Am. Broad. Cos., Inc., 62 F.3d 1469, 1472 (D.C. Cir. 1995) (outlining inherent authorities to protect institutional integrity of the courts); Ready Transp., Inc. v. AAR Mfg., 627 F.3d 402, 404 (9th Cir. 2010)(identifying the power to strike items from the docket as an acceptable use of the court's inherent powers), quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).

Mr. Mannina is certainly not suggesting that Doe's Motion to Dismiss is improper in its entirety, particularly in so much as it addresses the defenses and arguments that are appropriate

---

[5] This Court's inherent authority is the proper mechanism, not Federal Rule of Civil Procedure 12(f), given that motions to strike only apply to "pleadings", Matiella v. Murdock St. LLC, 2023 U.S. Dist. LEXIS 126420, *17 (D.D.C. Jul. 21, 2023) and neither the Notice of Joinder nor Doe's Motion to Dismiss meets that definition.

and relevant to Defendant Doe. But, given the impermissible nature of the Notice of Joinder, as well as the degree to which Doe's Motion to Dismiss is structured to address possible defenses and arguments of others beyond Defendant Doe herself, this Court would be within its discretionary and inherent authority to conclude that Doe's Motion to Dismiss cannot be allowed to survive in its current form. Respectfully, this Court should, therefore, strike the filing, without prejudice, and afford Defendant Doe an appropriate and reasonable period of time to file a properly revised Motion to Dismiss that is compliant with this Court's previous Orders and consistent with the restrictions of Rule 12(g).

## CONCLUSION

For the reasons outlined above, this Court should grant Mr. Mannina's Motion, sever the Notice of Joinder, and strike Doe's Motion to Dismiss without prejudice.

Date: December 3, 2025

                                        Respectfully submitted,

                                          *s/ Mark S. Zaid*

                                        _____
                                        Mark S. Zaid, Esq.
                                        D.C. Bar #440532
                                        Bradley P. Moss, Esq.
                                        D.C. Bar #975905
                                        Mark S. Zaid, P.C.
                                        1250 Connecticut Avenue, N.W.
                                        Suite 700 – PMB 5287
                                        Washington, D.C. 20036
                                        (202) 498-0011
                                        Mark@MarkZaid.com
                                        Brad@MarkZaid.com

                                        Attorneys for the Plaintiff